■ In the Matter of FRANCES CAGNEY, Deceased. MARGUERITE ZIMMERMANN et al., Appellants; CASEY A. CAGNEY et al., Respondents. [648 NYS2d 644] —In a probate proceeding, the petitioners appeal from an order of the Surrogate's Court,

Dutchess County (Bernhard, S.), dated August 31, 1995, which, *inter alia,* denied their motion, in effect, for partial summary judgment, determining that the respondents had waived their right to file objections to probate.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motion is granted, and the matter is remitted to the Surrogate's Court, Dutchess County, for further proceedings on the petition.

We agree with the appellants, the named executors under the will of the deceased Frances Cagney, that they are entitled to the issuance of letters testamentary. The respondents Casey Ann Cagney and Jonathan James Cagney, the grandchildren of the decedent, relinquished their right to contest her will in a 1986 settlement agreement, reached during the probate proceeding involving the estate of their late grandfather. The stipulation was entered into on the record before the Surrogate with the consent of all parties, including the guardian ad litem representing the interests of the two Cagney grandchildren. Contrary to the grandchildren's contention and the finding of the Surrogate, a reading of the full transcript reveals that the guardian ad litem consented to all of the terms of the settlement, including the grandchildren's agreement not to contest their grandmother's will. The guardian ad litem recommended the settlement and fully explained the reasons for his recommendation in a comprehensive report submitted to the Surrogate. The settlement agreement, entered into on the record before the Surrogate, is enforceable and bars the grandchildren's objections in this proceeding (*see,* CPLR 2104; *Matter of Cook,* 244 NY 63; *Matter of Hoffman,* 66 Misc 2d 736).

The grandchildren's other contentions are without merit. Joy, J. P., Altman, Friedmann and Krausman, JJ., concur.